## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Miguel Angel Alvarez-Solorio,               )
                                            )
            Petitioner/Defendant,           )
                                            )
                                            )
v.                                          )       Case No. 04-10185-01-WEB
                                            )               06-3048-WEB
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
            Respondent/Plaintiff.           )

MEMORANDUM AND ORDER

Now before the Court is the motion of Miguel Angel Alvarez-Solorio to vacate, set aside or correct his sentence under the provisions of 28 U.S.C. §2255.  (Doc. 37).

A review of the record reflects that petitioner pled guilty on October 25, 2004 to Count 1 of the indictment, which charges a violation of Title 21, U.S.C. § 841(a), distribution of 500 or more grams of methamphetamine.  (Docs. 28, 29).  On February 16, 2005 judgment was entered for Petitioner to serve 108 months imprisonment.  (Doc. 34).  On February 13, 2006 Petitioner filed this motion under 28 U.S.C. § 2255.  (Doc. 37).  The Government responded on April 28, 2006.  (Doc. 43).  Petitioner filed no reply.

Petitioner argues he is entitled to relief because his counsel was ineffective because: his attorney failed obtain a hearing regarding his Fourth and Fifth Amendment rights; his counsel did not explain to him and obtain a plea agreement that permitted him to appeal his Fourth Amendment claim and counsel failed to object to the Court's erroneous sentencing.

I.  Standard for Ineffective Assistance of Counsel.

The right to effective assistance of counsel is defined as a two part test in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Petitioner must show that his attorney's representation fell below an objective standard of reasonableness.  *Id.* at 687-688.  Second, Petitioner must show that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

II.  Ineffective Assistance of Counsel for Hearings.

Petitioner's first argument is patently meritless as it is flatly contradicted by the record.  The record shows counsel made a motion for a motion to suppress and for a Jackson v. Denno hearing.  (Doc. 19).  There was a hearing on October 25, 2004 and the Court issued its ruling the same day. (Docs. 26, 27).  Petitioner's counsel did not fall below an objective standard of reasonableness as he indeed requested and obtained for Petitioner a hearing regarding Petitioner's Fourth and Fifth Amendment rights.

Petitioner's second argument is equally meritless.  Petitioner states his counsel was ineffective for permitting his plea agreement to contain an appellate waiver.  Petitioner does not allege any facts to show that his counsel's performance was below an objective standard of reasonableness.

Petitioner signed the plea agreement containing the appellate waiver.  In the preceding paragraphs before Petitioner's signature, the plea agreement states, "[t]he defendant has had sufficient time to discuss this case, the evidence, and this agreement with defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel."  (Doc. 28).

-2-

Moreover, the Court discussed the appellate waiver in the Rule 11 plea colloquy and Petitioner did not object.

> THE COURT: And did you also go over with him and carefully understand the statements and what was put forth in your plea agreement with the Government?
> THE DEFENDANT: Yes.
> ...
> THE COURT: And do you understand that be pleading guilty, you're waiving all of the arguments you previously made in pretrial motions, or that you could have made, and that you will not be able to raise those arguments to challenge your conviction on appeal?
> THE DEFENDANT: Yes.
> THE COURT: And do you understand that by entering a free and voluntary plea of guilty, you're giving up any right to challenge your conviction on appeal?
> THE DEFENDANT: Yes.
> ...
> THE COURT: Now we're going to talk about that plea agreement. You've gone over that carefully with you lawyer, haven't you?
> THE DEFENDANT: Yes.
> ...
> THE COURT: And you know that you're waiving any right to appeal or collaterally attack any matter in connection with the prosecution, conviction and sentence including any claims you made in your motion to suppress which the Court ruled were not sufficient to suppress the evidence anyway, but you're waiving any contest you might have with respect to the Court's ruling in this case?
> THE DEFENDANT: Yes.
> THE COURT: And you can't challenge your sentence or collaterally attack it under the law, you've gone over that with your lawyer too, haven't you?
> THE DEFENDANT: Yes.

(Doc. 42).

Petitioner cannot credibly argue now that his counsel was ineffective for failing to object to the appellate waiver when he so clearly understood its meaning and assented to its inclusion into the plea agreement. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) (A defendant's statements at a plea hearing should be regarded as conclusive as to the truth and accuracy in the absence of a believable valid reason justifying departure from the apparent truth of those statements).

Consequently, the Court finds counsel's performance did not fall below an objective standard of reasonableness and was not ineffective at the pre-trial and change of plea hearings.

III.  Ineffective Assistance of Counsel at Sentencing.

Petitioner alleges that his counsel was ineffective for failing to object to an erroneous application of the Sentencing Guidelines.  Petitioner argues that according to section 2D1.1(a)(3) in the 2003 Sentencing Guidelines, his base offense level should have been capped at 30.  U.S.S.G. § 2D1.1.  The Government agrees that there was a sentencing error but disputes that there was ineffective assistance of counsel.

The Court notes that Petitioner committed the offense on July 16, 2004.  (Doc. 1).  At that time, the 2003 version of the Sentencing Guidelines was in effect.  The 2003 version of section 2D1.1 contained Amendment 640 which stated:

> (a) Base Offense Level (Apply the greatest)
> ...
> (3) The offense level specified in the Drug Quantity Table set forth in subsection (c), except that if the defendant receives an adjustment under §3B1.2 (Mitigating Role), the base offense level under this subsection shall be not more than level 30.

§ 2D1.1 (2003).

However, on November 1, 2004, section 2D1.1 was amended through Amendment 668.  This changed the section to state:

> (a) Base Offense Level (Apply the greatest)
> ...
> (3) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by

-4-

3 levels; or (iii) level 38, decrease by 4 levels.

§ 2D1.1 (2004).

When Petitioner was arrested the 2003 Guidelines were in effect; however, he was sentenced using the 2004 Guidelines.  The Tenth Circuit has held, "[t]he sentencing court generally must apply the sentencing guidelines in effect on the date of sentencing rather than those in effect at the time of the offense.  The Ex Post Facto Clause, however, prohibits retroactive application of an amended guideline provision if the amendment disadvantages the defendant" *United States v. Orr*, 68 F.3d 1247, F.3d 1267, 1252 (10th Cir. 1995) (quoting *United States v. Gerber*, 24 F.3d 93, 95-96 (10th Cir. 1994)).  "To determine whether the application of a sentencing guidelines provision violates the Ex Post Facto Clause, the Supreme Court has articulated a two-prong test: first, did the sentencing court apply the guideline to 'events occurring before its enactment,' and second, did that guideline 'disadvantage the offender affected by it.'" *Gerber,* 24 F.3d at 96 (quoting *Miller v. Florida*, 482 U.S. 423, 430)).

Using the above test, it is apparent the Court applied the 2004 Guidelines to sentence Petitioner for conduct occurring before the 2004 Guidelines were enacted.  The Court agrees with the parties that Petitioner was disadvantaged by the application of the 2004 Guidelines.  Under the 2004 Guidelines, Petitioner's base offense level under section 2D1.1 was 38.  Under the 2003 Guidelines, Petitioner's base offense level would have been no higher than 30 because he received a downward adjustment under 3B1.2.  This results in a significantly lower guideline range.

By failing to notice this ex post facto violation, Petitioner's counsel fell below an objective standard of reasonableness.  Furthermore, had he objected the resulting sentence would have been different. *Glover v. United States,* 531 U.S. 198, 203 (2004) (Under the second prong of *Strickland*, an error at

sentencing which increases the calculation of the sentence can constitute prejudice). Consequently, Petitioner's counsel was ineffective during sentencing.

Respondent argues the Court should deny Petitioner's ineffective assistance of counsel claim yet still grant Petitioner relief. Respondents argue that Petitioner's counsel was not objectively unreasonable because the AUSA and the probation office also failed to notice the sentencing error. The Court cannot conclude that the error was objectively reasonable because the AUSA made the same mistake.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 37) be GRANTED in part and DENIED in part. The sentence imposed by the Court is hereby vacated. The Court shall re-sentence Petitioner on July 17, 2006 at 11:00 a.m.

It is FURTHER ORDERED that should Petitioner desire counsel be appointed to represent him in connection with his re-sentencing, he is directed to file an application for appointment of counsel with this Court forthwith.

SO ORDERED this 7th day of June, 2006.

 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge

-6-